Your Honor, in this case, Good Morning Call 210-583, people of the State of Illinois v. Juan Cortez. On behalf of the Appellant, Mr. Christopher McCoy. On behalf of the athlete, Ms. Mary Guttenberg. Our both sides are ready to proceed. You may proceed in your room. May it please the Court. Counsel. In this case, Juan Cortez pled guilty to one count of predatory criminal sexual assault in DuPage County. On appeal, Mr. Cortez contends that he should be allowed to withdraw his guilty plea for two reasons. First, because he received the ineffective assistance of counsel. And second, because he was improperly admonished as to the MSR term. This morning, I'll begin by addressing this Court's question from its order on November 8th, 2011. Namely, what effect it would have on this case if the Supreme Court were to affirm People v. Reinhart. And it should be noted that initially, this Court does not need to reach Reinhart or even reach the MSR issue. Instead, this case can be decided on ineffectiveness arguments. And because of the ineffective assistance of counsel, which I will discuss in more detail later, Mr. Cortez should be allowed to withdraw his guilty plea. If this Court does not agree with our ineffectiveness argument, and if Reinhart is affirmed, then Mr. Cortez's MSR term would be void. In Reinhart, again, the Fourth District held that the indeterminate three years to life MSR term was void. And it remained in that case to the trial court to set a specific MSR. However, a remand is not necessary in this case. As I will discuss in more detail later, Mr. Cortez was only admonished that he could serve a three-year MSR term. And, therefore, if a determinate MSR needs to be set, only three years can be imposed in this case. And, therefore, this Court, rather than… I'm sorry. Only three years can be imposed in this case? Why is that? If Reinhart is affirmed and a determinative sentence is – a determinate MSR is necessary, then the range that could be set would be three years to life. However, Mr. Cortez, when he pled guilty, was told that he could only receive a three-year sentence. And, thus, prospectively, this Court or the trial court could not impose a sentence knowing that Mr. Cortez had been admonished of a lesser term and a lesser punishment, which would violate, of course, Supreme Court Rule 402. So that's only if you're asking for us simply to address the MSR and not grant – or not find that the trial court erred in not granting his motion to withdraw his plea? Yes. That is if – again, if the ineffectiveness argument – if this Court does not agree with our ineffectiveness argument and if Reinhart is upheld, then the three years – the MSR term would be void and a three-year MSR would have to be imposed. Well, it would be more than the three years being void. The whole sentence is void, is it not? Just the – just the MSR term would be void. His prison sentence would still be valid. Is the language of the sentencing statute from a minimum of three years to a maximum of natural life? The – Is that the specific language which would permit a three-year sentence of MSR? Yes, Your Honor. The – and according to the Fourth District's decision in Reinhart, if it's a trial court which would impose either – somewhere in that range. According to this Court's decision in Schneider, it would be up to – My question is can the judge impose only a three-year sentence under the language of the sentencing statute? In general or in this particular case? Well, in general, the trial court could impose a sentence anywhere between three years to life. In this particular case, due to the admonishments and due to the fact that Mr. Cortez was only told that he would be receiving a three-year MSR term, in this case, only three years could be imposed for the MSR. However, generally with extended term MSRs, if Reinhart is affirmed, the trial judge could sentence to any length of time between three years and natural life. Well, what if the judge recognized that and sentenced him only to three years because he had the authority to sentence him only to three years, recognizing that perhaps he didn't appropriately advise the defendant of the – what the sentencing range could be. But he gave him the minimum sentencing range. Then in that case – So arguably, the defendant was not injured. In that case, the defendant would not have a ground to withdraw his guilty plea on this MSR term. And again, that's assuming that Reinhart is upheld and simply a three-year MSR sentence was imposed. And then in that case, this ground would not apply. However, if Reinhart is reversed and if the trial court has no discretion to set it – You're not getting my argument. My argument is no harm, no fault. The judge was aware of what the proper sentencing range was. The judge did not advise the defendant of the proper sentencing range, but the defendant was not harmed because the minimum is three years and he got the minimum. Well, Your Honor, he was sentenced to three years to life in the sentencing order and on the Department of Corrections website. Oh, okay. His term is listed as three years to life. Hypothetically, if Reinhart is affirmed, then if the trial court were to set the minimum, set the three-year term, then there would be no ground. Now, counsel, isn't it a fact, though, that this argument really was waived? It was never put in the motion to withdraw the plea. No, Your Honor. However, this argument constitutes plain error because it affects Mr. Cortez's substantial rights. And in the case we cited in our opening and reply brief of People v. Davis, the Illinois Supreme Court has held that it can be plain error when a defendant is not properly admonished. And it's also notable that People v. Davis involved a partially negotiated plea in which there was no specific agreement as to the sentence. So based on the authority from that case, this improper admonishment involves plain error under the substantial rights prong of the plain error test. And the state in its brief contends basically that the defendant must affirmatively show that he will be serving longer than the term of which he was admonished. In other words, longer than the 30 plus 3. Yes, Your Honor. Okay. However, this cannot be the test for a voluntary and knowing plea. Why not? Because the defendant would then have to wait over 30 years before he could challenge his sentence on appeal. He could not – we would not know whether or not he entered a knowing plea until after he's already served over 8 years of his MSR term. But he might get less than the 8 years then. Yes, but that's true in any MSR case. Any time a defendant is on MSR, either it's the determinate MSR or the extended term MSR, as in this case, the Prison Review Board has the authority to discharge a defendant early from MSR. So, for example, if Mr. Cortez had been a normal Class X offender subject to 3 years MSR and the trial court had only sentenced him to – had only admonished him to 2 years of MSR, he would be able to challenge this sentence on appeal before he already served his entire prison sentence and served over 2 years of MSR. And so there's – really, in any case, there's just no way to know for sure until after the fact how much time a defendant is actually going to be on MSR for. And so the mere possibility that the MSR can be discharged early does not foreclose relief in this case. And hypothetically, it is possible that he could serve less time, but again, as it says on his sentence order, he's subject to the possibility of life. And on the Department of Corrections website, they're treating it as a possible lifetime MSR. So that is the reality of what Mr. Cortez is facing. With respect to the ineffective assistance argument, did the trial court make any express findings as to whether or not there was a reasonable probability that the defendant would have accepted the State's 20-year offer? Had counsel known the extent of the confession and some of the additional details? What the trial court determined was that the aggravating evidence came not from the defendant's subsequent confession to the other two acts of sexual abuse, but that the aggravating evidence in the trial judge's view came from the victim's statement. However, this is sort of misapplying the prejudice prong. It doesn't matter so much what the trial court believes was the aggravating evidence or even what a reasonable attorney would believe is the most aggravating evidence. What matters is what Mr. Cortez's attorney, what the trial counsel thought of this evidence and how this new discovery would have changed his approach to the case. Didn't he say that? Didn't he say in so many words, I don't really think it would have changed my mind? Well, what he testified to in the post-trial hearing was that his theory… He, you mean the defense attorney? Yeah, defense. Trial counsel testified at the hearing on the motion to withdraw the plea that going into sentencing, trial counsel's strategy was to portray Mr. Cortez as only having confessed to one of the acts. And he said that these, the subsequent confession significantly weakened his sentencing theory. He said that these extra confessions were, quote, very aggravating not only because they added extra counts and extra incidents that occurred with the defendant and the victim, but because they specified certain specific acts and specific ways in which these instances of abuse occurred. Again, which the trial counsel termed as very aggravating. And so basically his entire theory of sentencing was almost completely destroyed by these extra confessions. And so based on this, there's at least a reasonable probability that he would have recommended the 20-year sentence. Wasn't this a weak strategy to begin with? I mean, how would one think that the trial court would have discounted the victim's statements? Well, whether or not it's a weak strategy, it was trial counsel's strategy. And the fact that it is now completely gone would seem to suggest that he would have changed his mind. Perhaps it wasn't the best idea going into sentencing, but he still, this still was his theory. And so with it gone, again, there's a reasonable probability that he would have recommended the other plea. And there's a reasonable probability that the defendant would have accepted his recommendation and went along with it. He was willing to plead guilty as evidenced by the fact that he accepted the open plea. And he accepted this open plea, according to the defendant's testimony, based on his attorney's recommendation. So there's a reasonable probability that this, that the 20-year offer would have been accepted and that the outcome in this case would have changed because the defendant would have got a lesser term of imprisonment. Moreover, this… But the trial court didn't make those findings and ruling on that. We're looking at the ruling of the trial court, correct? Correct, and our position is that the trial court misapplied the law of what this correct prejudice standard is. And in so doing, the trial court abused its discretion and therefore should have granted this motion to withdraw the guilty plea. And going to the other prong of ineffective assistance of counsel, clearly trial counsel was deficient in this case. The fact is that he simply failed to read the discovery that was presented to him. He… The state tendered a report by Investigator Holtwin which stated, which summarized the confession and stated that the defendant had confessed to three different acts. But wasn't it pretty crystal clear when there were three counts charged? There were three counts and the attorney recognized there were three counts, but he was going – again, his theory was, whether it was a reasonable theory or not, his theory was that there was simply one confession. And – but he didn't know what had – what the defendant had really confessed to. And again, this was evidence that was in his possession. We were not asking for trial counsel to perform any superhuman effort. Instead, we're simply asking him to do the reasonably competent step of reading the discovery that is in his possession. But is there any inference at all that is possible that the defendant would have taken – let's assume the advice was different – would have taken the 20 years? I think the inference can be drawn by the fact that he took his attorney's advice in this instance. He testified – the defendant testified that he pled guilty because of his attorney's advice and based on his attorney's advice. So if that advice changed, there's at least a reasonable probability that Mr. Cortez's actions would have changed as well. Does your client ever say in so many words that he would not have pled guilty? No, Your Honor. Okay. You'll have a chance to reply. Great. Counsel, do you wish to proceed? Good morning, Your Honors. May it please the Court, my name is Mary Beth Burns and I represent the people of the state of Illinois. We come before you this morning to respectfully request that you affirm the conviction and sentence of the defendant, Juan Cortez. Initially, in response to this Court's question about any implications, should the Supreme Court affirm Reinhart? I think the answer is that there would be no implications because this issue, in fact, has been waived. And we're not talking about ENOC waiver, which is merely a bar on the parties but not on the Court. 604D waiver is structural. Under 604D, what you get is something that's actually non-cognizable. So to the extent that Reinhart is affirmed, the defendant's remedy would be the Post-Conviction Hearing Act. We must disagree with the defense position that under Reinhart, the sentence would be, the MSR would be void. Because voidness means that there was no authority. Certainly at the time it was entered, there was authority. The language of the statute creates an indeterminate term. To the extent that it was viewed as, perhaps, ambiguous, it was because indeterminate terms have not existed in Illinois under the current sentencing code. And so, because of that, this Court, and I believe it was Schneider, looked to the legislative history, which showed the clear intent to create an indeterminate term of mandatory supervised release because of the nature of recidivism among sexual offenders. And so the trial court absolutely had the authority to impose the sentence it did impose. And... Well, isn't that the exact issue in Reinhart? Isn't that what the attorneys were arguing in front of the Supreme Court in Reinhart? It is. It is. And I think that in reading the briefs in Reinhart, it's very hard to think that Schneider will be rejected. Schneider is simply better reasoned than Reinhart. And I happen to typically be a fan of the Fourth District, and Reinhart is not particularly well reasoned and is somewhat surprising coming out of that court. I think the court's concern in Reinhart was the implication that a court must impose a sentence. But the problem with that, as counsel pointed out, MSR typically is administered and reviewed by the Prisoner Review Board. And if a prisoner, well, actually, if a person no longer a prisoner but serving MSR, in fact, demonstrates that he doesn't require the level of supervision any longer, the PRB has always had the authority to, in fact, take them off MSR. So even if a court imposed a three-year term of MSR, the PRB has had the authority to shorten that where it's appropriate. So the court's concern in Reinhart that it must be the circuit court or the trial court that's imposing the sentence is really pretty much unchanged. But doesn't that always preassume that the defendant was properly admonished at the time of this plea? Yes, Your Honor. Yes, Your Honor. So even if everything you said is absolutely correct and we don't challenge that at this point for the sake of argument, he still was never told that one of the parameters of the sentence that he was pleading guilty, the offense for which he was pleading guilty, was three to natural life. Yes, Your Honor. He was only told mandatory supervisory release up to three years. Yes, Your Honor. Doesn't that change? No, Your Honor. We move to cite one of the Illinois Supreme Court's recent opinions that came out December 1st, Snyder. And Snyder says very clearly, your remedy, if that occurs, is a motion to withdraw your guilty plea. The defendant here did, in fact, move to withdraw his guilty plea, but not on this basis. And the waiver is fatal here because both the written sentencing order and the trial court's comments in the opposing sentence state that the MSR term will be three years to life. So the defendant himself and his new counsel would have had the transcripts from the plea, which showed the misadmonishment, and the sentencing order and the transcript from sentencing, which showed the correct, the imposition of the correct term. So the failure to impose, to include it, include the issue in the motion to withdraw a guilty plea or the motion to reconsider a sentence is a fatal waiver. But why then can we not look at it under plain error? Because at the time this was imposed, it was no error at all. And so to the extent that the defendant has a remedy, that remedy has to be the Post-Conviction Hearing Act. I have a question. At the time? Go ahead. If I could just follow up. But part of the plain error analysis is, I mean, you have to look at whether there's error as a first step. Yes, Your Honor. So aren't you applying the plain error analysis and looking at this then? You know, there's a problem, and I acknowledge this, in 604D, in that in all traditional direct appeals, anything that's a matter of record is appealable and reviewable. The problem with 604D is that it says even if something is a matter of record, you can't get to it if it wasn't part of the 604D motion. And so to the extent that our position is that it's not plain error, and I guess, and perhaps my position ends up being circular, because I guess that I would have to say under 604D, you absolutely cannot look at it. However, the fact is, under 604D, if the court imposed a blatantly illegal sentence, if in a predatory criminal sexual assault the court had said, you, Mr. Defendant, will be sentenced to spend the rest of your natural life in prison, whether there was a motion or not a motion, clearly that would be reviewable. And so I understand that there is perhaps an inconsistency in the position that I'm taking, but the position has to be absent something that is really blatant and would have been blatant at the point of imposition. 604D precludes the appeal of it. And, again, to the extent that this issue is based on something that occurred at the guilty plea and the nature of it, Snyder would say that it had to have been part of a motion to withdraw the guilty plea. And that does not leave the defendant without a remedy should the Supreme Court affirm Reinhart, and his remedy would be the Post-Conviction Hearing Act. I was going to ask you, at the time the original offers, the tandem offers were tendered, the state says, I plead guilty to one of the three counts of predatory criminal sexual assault for a recommended sentence of 20 years or blind plea to the same, presumably the same count. That offer of 20 years, was that 20 years plus three years of mandatory supervised release? Was it 20 plus 10 years, 20 plus natural life? I don't recall the record saying one way or the other. And the basic truth is mandatory supervised release is not something that can be subject to negotiation. It is mandatory. But the length could be. No, it really can't. Again, under Snyder, the length is three years to natural life. It is an indeterminate term. So your position is the court can't give him three years, the court can't give him natural life. The court just has to say, Prison Review Board, anything from three to natural life. Yes, and I think that's because of Snyder. I think prior to reading Snyder, I might have thought that this court could have given three years because that would conform with the admonishment. However, after Snyder, I don't think that's a possibility. That would certainly be, I think, the easiest and most rational answer. But under Snyder, it's not a possibility, and also realistically, it's not consistent with why the legislature determined that the indeterminate mandatory supervised release is appropriate for these specific offenders. And I think, therefore, it really would require a different form of remedy. And again, when you're talking about the nature of the negotiation, again, MSR can't ever be part of a negotiation. I think the next thing I would observe is that there's no due process right in an offer that was declined. I think that in reading the defense brief, one would think that somehow the defendant had a right built into the fact that an offer was made and that he declined it based on his view of what his trial counsel said. And I must emphasize that it was his view on it because the trial court at the hearing on the motion to withdraw a guilty plea specifically found that the trial counsel had not made the promises that the defendant perceived that he had made. The trial court certainly had not made any comments that could be led to the defendant's view that he would get somewhere between 6 and 10 years. The trial counsel made no specific recommendation as to sentence at all. The trial court did find, I believe, that the trial counsel said that he thought 20 years was a little high. But other than that, there was certainly no promise to the defendant from counsel that he would get a significantly lower sentence than the 20 years. So I think that that's a flaw in the defense position in that I think the defense is not, you know, again, the defense position is that the trial court abused its discretion in making the findings that it's made. But I think the findings the trial court made are supported by the testimony at that hearing. So I can't accept the notion that the trial court abused its discretion in determining that, essentially, the defendant's view of his conversations with trial counsel were unreasonable. And for that reason, I think clearly the trial court should be affirmed. I think there's another thing to be discussed here. And that's one of the cases that the defendant cites is Hill v. Lockhart. And I made a mistake. I also thought that he had cited the Illinois Supreme Court's case, which follows Hill v. Pugh. And I apologize. He did not cite that. But Pugh talks about Hill v. Lockhart, which says that, yes, you're entitled to a fact-assessing counsel and a guilty plea. However, in assessing prejudice, what one has to look at is not only has the defendant let it be known that, absent the error, he would not have pled guilty, but also there has to be, in assessing prejudice, a determination of the likelihood of his prevailing at trial. Clearly, here there could be limited likelihood that he could prevail at the trial. We have statements from a victim who I think was 8 or 9 years old and the defendant's own confession. So it's very difficult, even if one assumes that trial counsel violated prong one of Strickland by not fully understanding the discovery that was tendered. You cannot establish prejudice here because the defendant never said that he wouldn't have pled guilty, absent the perceived errors. He never said that he would have gone to trial on all four counts, because there were three counts of predatory criminal sexual assault and one count of intimidation. He never said that he would go to trial on these. And nothing in the record could lead to any kind of rational view that he had any likelihood whatsoever of prevailing at trial. So even if one assumes that trial counsel's failure to truly understand the discovery that was tendered violates the first prong of Strickland, even if one assumes that, one cannot find prejudice on this record. And therefore, I think that the trial court really must be affirmed. And that's what we ask this court to do. Does this court have any further questions? Thank you, Your Honor. Good morning. Thank you. Do you wish to reply? Yes, Your Honor. Initially, to counsel's last point, the prejudice in this case is not that Mr. Cortez would have went to trial and been acquitted. The prejudice is that because of his attorney's failing to investigate and his deficient performance, he received a five-year longer sentence than if he had accepted the 20-year offer. And it is not required. How do you make that connection? I mean, what's the bridge there? I mean, what representations did counsel make, actual representations? The attorney said that he recommended the – What's his recommendation? What representation of fact or law did counsel make? What the attorney failed to do is it's a failure to investigate. It's not that he promised, as the State is arguing, that he promised a lesser sentence. In fact, the defendant says he did not promise this. The problem is, and the deficient performance is, that he failed to investigate and failed to discover these additional confessions. He failed to read the discovery to know what aggravating evidence the State had in its possession and what evidence the State was going to present at sentencing. All right, but so if we assume, as counsel just argued, that there may have been a violation of the first prong of Strickland, how do you get around the prejudice question? The prejudice is that he would have pled guilty to the 20-year offer. Well, but how do we know that? What is there in the record that gives us that indication? Well, again, prejudice only needs to have a reasonable probability that they would change. How about any probability? The probability is that the defense counsel's sentencing theory was completely destroyed by these two other confessions. The attorney – or, excuse me, the defendant follows his attorney's advice. His attorney's advice is based on the sentencing theory. When the sentencing theory is gone and when there's two extra confessions to two extra incidents of sexual abuse, which, according to the attorney, are very aggravating, and, again, detail the methods the defendant used to do the sexual abuse, there is a reasonable probability the attorney would have changed his recommendation. How do we get around counsel saying, when he testified, it would not have changed my mind? I don't believe that that is in the record. The attorney says that this evidence significantly, again, weakened his theory of the case. He never outright says that he would have changed his recommendation, but there is – again, there's a reasonable inference from what he was arguing and what he was planning on arguing that he would have changed this recommendation. And, again, this is not a case where we are simply arguing that the attorney gave poor advice or made a poor prediction. The problem is it's the poor trial preparation and the failure to investigate that really – We give you that. Just set the – let's assume he did not do what he was supposed to do. The issue is the prejudice. And, again, the issue is that there's a reasonable probability this would have changed because his entire theory has been changed. And the evidence, very aggravating evidence he now has in his possession, there's a reasonable probability his judgment of what sentence would have been imposed is also going to change. Now, would you respond to counsel's argument with regard to the waiver of forfeiture being fatal here? Well, again, I would cite to People v. Davis the Illinois Supreme Court case where the defendant did not include the admonishments. And, in fact, in Davis the defense attorney did not even argue that the admonishments were grounds to allow the defendant to withdraw the guilty plea. Yet the Illinois Supreme Court still held that that was plain error and that that could be reached under the plain error analysis. So – But weren't the facts a little different there? Weren't there some promises that had been made? And in our case there was a finding there were no promises made by trial counsel. In Davis the Illinois Supreme Court specifically emphasized the lack of admonishments as the reason for why plain error was appropriate and plain error review was appropriate in that case. And there were promises that were made, but still the substantial rights have been violated and this can be reached under the plain error doctrine. Now, the state also cited the case of People v. Snyder, the recent Illinois Supreme Court case. And in that case the Supreme Court held that in a partially negotiated plea the appropriate remedy was for the defendant to withdraw – allow the opportunity to withdraw the plea. So Snyder actually conforms with the remedy we are requesting in this case. And therefore, either because of ineffective assistance of counsel or due to the improper MSR admonishments, Mr. Cortez requests that this court vacate his conviction and allow him to withdraw his guilty plea. Thank you. Thank you very much. We will be in recess.